**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                  )<br>     Plaintiff,           )<br>                  )<br>vs.               )<br>                  )<br>JEREMY LEE GARCIA,        )<br>                  )<br>     Defendant.          )<br>_____) | No. CR 13-2250-TUC-CKJ (BGM)<br><br>**ORDER** |

On March 21, 2014, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation (Doc. 31) in which he recommended that the Motion to Suppress (Doc. 16) filed by Jeremy Lee Garcia ("Garcia") be denied. The Report and Recommendation notified the parties that they had fourteen days from the date of being served with the copy of the Report and Recommendation to serve and file any objections. Garcia has filed an objection (Doc. 32) and the government has filed a response (Doc. 33).

The Court has reviewed the Motion to Suppress (Doc. 16), the response (Doc. 21), the Report and Recommendation (Doc. 31), the exhibits, the transcript of the hearing held before the magistrate judge (Doc. 29), the objections (Doc. 32), and the response (Doc. 33). The standard of review that is applied to a magistrate judge's report and recommendation is dependent upon whether a party files objections – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472-73, 88 L.Ed.2d 435 (1985). However, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may

1 accept, reject, or modify the recommended disposition; receive further evidence; or return
2 the matter to the magistrate judge with instruction." Fed. R. Civ. P. 72(b)(3); *see also* 288
3 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those
4 portions of the report or specified proposed findings or recommendations to which objection
5 is made.").

*Objections to the Report and Recommendation of Magistrate*

Garcia asserts the magistrate judge erred in determining there was a demonstrative articulable suspicion for a drug search warranting a referral to the secondary inspection area. *United States v. Koshnevis*, 979 F.2d 691(9th Cir. 1992); *United States v. Wilson*, 7 F.3d 828 (9th Cir. 1993). Garcia argues that the reasons articulated by the magistrate judge to support the further detention were innocent. Indeed, Garcia asserts the agent overstepped the constitutional boundaries because the reasons articulated by the agent could be applied to every vehicle.

The magistrate found the reasons articulated by the agent to be the semi-nervous appearance of Garcia (gazing back and forth between the road and the agent), luggage (including a duffle bag that appeared full and squared off in a shape), a large older suitcase that appeared to be dusty (consistent with luggage that had been transported through the desert prior being loaded into a vehicle along Highway 85), a grey flip phone (appeared to be a prepaid phone that is commonly used in smuggling operations), Garcia's statement that he spent a week in Sonoita, Mexico (which is not a typical tourist destination), and Garcia's shaky hands while he was removing his identification.

As the Ninth Circuit has stated:

> Often, the data in the record seems equally capable of supporting an innocent explanation as a reasonable suspicion. In such cases, the Supreme Court directs us to give due weight to the factual inferences drawn by law enforcement officers, *United States v. Arvizu*, 534 U.S. 266, 277, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002), and has noted that officers may make reasonable deductions and inferences based on their experience and specialized training that "might well elude an untrained person." *Id.* at 273, 122 S.Ct. 744 (internal quotation marks omitted). In this vein, the Court has emphasized that even when factors considered in isolation from each other are

> susceptible to an innocent explanation, they may collectively amount to a reasonable suspicion. *Id*. at 274, 122 S.Ct. 744.

*United States v. Berber-Tinoco*, 510 F.3d 1083, 1087 (9th Cir. 2007); *see also United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013) (consideration of totality of circumstances "precludes a 'divide-and-conquer analysis' because even though each of the suspect's 'acts was perhaps innocent in itself . . . taken together, they may warrant further investigation.'"). The agent was entitled to make reasonable deductions and inferences, based on his years of experience and his specialized training. This case does not present a situation where the inferences drawn by the agent were not supported by evidence. *Nicacio v. INS*, 797 F.2d 700, 705 (9th Cir. 1986); *United States v. Jimenez-Medina*, 173 F.3d 752, 754 (9th Cir. 1999). Rather, the Court finds the government has met its burden to show that "the brief further detention . . . [is] predicated on an articulable suspicion or 'a minimal showing of suspicion,' . . . of criminal activity." *United States v. Taylor*, 934 F.2d 218, 221 (9th Cir. 1991), *citations omitted*.

Accordingly, after an independent review, IT IS ORDERED:

1. The Report and Recommendation (Doc. 31) is ADOPTED.

2. The Motion to Suppress (Doc. 16) is DENIED.

DATED this 9th day of April, 2014.

_____
Cindy K. Jorgenson
United States District Judge